# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

KAREN GOEBEL,

                Plaintiff,

      v.                                                Case No. 08-CV-645

FOND DU LAC CITY HALL,
FOND DU LAC DISTRICT ATTORNEYS OFFICE,
FOND DU LAC POLICE DEPARTMENT,
AGNESIAN HEALTH CARE, ROBERT FALE and
SISTERS OF ST. AGNES CONGREGATION

                Defendants.

_____

# ORDER

On July 29, 2008, plaintiff Karen Goebel ("Goebel"), filed a _pro se_ complaint against the named defendants alleging that her civil rights were violated during the course of a criminal prosecution and a related suspension of her registered nurse license.  To date, no answer or other pleading by any party has been filed, and it appears that the defendants have not been served with the summons and complaint. On December 18, 2008, the court issued an order giving Goebel notice of her failure to serve defendants within the 120-day time limit set forth in Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4(m)").  (Docket #4).  The court ordered that Goebel provide good cause for her failure to serve the defendants.  The court warned that if she did not show good cause to the court within twenty days of the order, the court would dismiss this action without prejudice pursuant to Rule 4(m) and Civil Local Rule 41.1.

Rule 4(m) requires a plaintiff to show good cause for failing to serve a defendant within 120 days of the filing of a complaint. In order to show good cause, a plaintiff must demonstrate a "valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dir.*, 290 F.3d 932, 933-34 (7th Cir. 2002) (citations omitted). Even in the absence of good cause, the court may, in its discretion, extend the time for service where a plaintiff shows excusable neglect. *See id.* at 934.

On January 8, 2009, a letter from Goebel was filed with the court requesting that the court serve the defendants. (Docket #5). In the letter, Goebel describes a fantastic tale involving, among others, the United States Secret Service, the Federal Bureau of Investigation, the Central Intelligence Agency, an entity called the "National Education System," and remote controlled pigeons. The letter provides no good cause for Goebel's failure to serve the defendants. In fact, the court is unable to glean any explanation from Goebel's letter as to why she has failed to serve the defendants named in this case. Goebel has not even demonstrated that she has made a sincere attempt to serve the defendants. Over twenty days have now passed since the court's December 18, 2008 order. Having found neither good cause, nor excusable neglect for Goebel's failure to serve the defendants, the court will dismiss Goebel's claims without prejudice.

If Goebel chooses to re-file this action, the court urges her to make the bases of her claims clear and to comply with the service requirements of the Federal Rules

of Civil Procedure so that the court does not expend needlessly its time or resources. The court also directs Goebel to her obligations under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"). Under Rule 11, litigants certify that their filings with the court present only nonfrivolous claims, and that their purpose is not to harass.

Accordingly,

**IT IS ORDERED** that the plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and Civil Local Rule 41.1.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

- 3 -